UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

               Civil No. 23-cv-11104
v.              Honorable Paul D. Borman

5.30109983 Bitcoin valued at
$122,307.17; et al.

    Defendants *in rem*.

---

### Stipulated Consent Judgment

---

  Plaintiff, the United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, and claimant Pitt McGehee Palmer Bonanni & Rivers, PC ("claimant"), by and through its attorneys, McGehee Palmer Bonanni & Rivers, PC (the United States and the claimant shall be referred to collectively as, "the Parties"), enter into this Stipulated Consent Judgment ("Stipulation") as to:

- 5.30109983 BTC valued at $122,307.17;
- $5,000.00 Bank of America Cashier's Check #1040023934; and
- $21.99 Gemini Cashier's Check #905871 issued by Silvergate Bank

(collectively referred to herein as the "Subject Currency").

1

As part of this Stipulation, the Parties agree to the following:

Agents with U.S. Secret Service ("USSS") seized the Subject Currency as proceeds of wire fraud pursuant to a seizure warrant executed in December 2022.

On or about May 10, 2023, the United States timely filed a civil *in rem* Complaint for Forfeiture against the Subject Currency pursuant to 18 U.S.C. § 981(a)(1)(C) and subsequently filed an Amended Complaint on June 14, 2023.

The claimant filed a verified Claim on August 9, 2023 (ECF No. 14), and an Answer on September 19, 2023 (ECF No. 18).

The United States served copies of the Complaint and Warrants of Arrest and Notices *in rem* on potential interested parties on July 6, 2023. (ECF No. 9).

Notice by publication has been completed in this case. (ECF No. 15). No other verified claims of interest or responses to the Complaint have been filed by any party with the United States District Court in this judicial action, and the time for filing such pleadings has expired.

The Parties are aware of their respective rights and wish to resolve this matter without further litigation and expense under the following terms and conditions:

1. This action is a civil *in rem* forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(C).

2. This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355, 1391, and 1395.

3. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause to seize the Subject Currency as provided in 28 U.S.C. § 2465, the Government's position in this action is substantially justified as provided in 28 U.S.C. § 2412(d)(1)(B).

4. The claimant shall not claim or seek attorneys' fees and/or costs in connection with this action and knowingly and voluntarily waives any and all claims it may have for attorneys' fees and costs, whether under under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute, rule or regulation, including the statutes identified in the preceding paragraph.

5. The Parties stipulate and agree that the Subject Currency, less any debt owed to the United States, any agency of the United States, or less any other debt which the United States is authorized to collect from the claimant, including but not limited to any debts collected through the Treasury Offset Program, **SHALL NOT BE FORFEITED**, but **SHALL BE RETURNED** to the claimant, as the true victim of the

underlying wire fraud.

6. Following entry of this Stipulation by the Court, and after the claimant's attorney has supplied the United States with the claimant's Tax Identification Number and the Automated Clearing House information for electronic deposit of the Subject Currency, USSS, or its delegate, shall disburse the Subject Currency to the claimant. The claimant understands that the Subject Currency will only be disbursed after the USSS has received the claimant's Tax Identification Number and the Automated Clearing House information for electronic deposit of the Subject Currency, and any other required information for the transfer of cryptocurrency. Notwithstanding the above, the Government may also—if it so decides—sell the cryptocurrency and transfer the full value thereof in U.S. dollars to the claimant within a reasonable timeframe. The claimant approves this approach and releases any potential claims against the Government or any agent thereof for any losses in the sale process, including intervening decreases in the value of bitcoin. The claimant agrees to allow the USSS, or its delegate, to liquidate the cryptocurrency for U.S dollars in accordance with applicable laws and policies. The USSS, or its delegate, shall have sole discretion to determine exactly when and how it liquidates the Bitcoin

Case 2:23-cv-11104-PDB-EAS ECF No. 24, PageID.93 Filed 03/28/24 Page 5 of 7

in exchange for US Dollars but shall endeavor in good faith to obtain a reasonable exchange rate and to incur reasonable sales/conversion fees in the course of liquidating the Bitcoin. All fees and costs of the storage and sale of the Bitcoin shall be paid from the proceeds. The USSS shall return the remaining proceeds—after deducting sales/conversion fees—to the claimant.

7. Following entry of this Stipulation by the Court, the USSS, or its delegate, shall return the Subject Currency as soon as practicable to the claimant.

8. Upon signing below, the claimant agrees to unconditionally release, remise and forever discharge the United States of America, and any of its agencies involved in this matter, including USSS, the United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which claimant and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action.

9. The Parties agree that this Stipulation applies exclusively to the captioned civil *in rem* forfeiture action arising from the seizure of the Subject Currency and does not immunize the claimant or anyone else

5

from criminal prosecution for any illegal conduct associated with the seizure of the Subject Currency.

10. The execution of this agreement does not constitute an admission of wrongdoing by the claimant or any other party except as otherwise expressly provided herein.

11. By signing this Stipulation, the claimant declares that it has read and discussed the terms of this Stipulation with its attorney. The claimant further declares that it is aware of its rights in this action, and fully understands the terms, conditions, and consequences of entering into this Stipulation.  The claimant agrees that this Stipulation adequately reflects the Parties' good faith negotiation and resolution of this action without further litigation.

12. The Parties stipulate and agree that each of the Parties shall bear their own costs and attorneys' fees in this matter and in any subsequent action to enforce this Stipulation.

13. This Stipulation encompasses the full agreement of the Parties regarding the Subject Currency.

14. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall

constitute one and the same agreement.

15. Upon entry of this Stipulation by the Court, this action shall be closed.

Agreed as to form and substance:

Dawn N. Ison
United States Attorney

/s/Kenton C. Welkener
Kenton C. Welkener
(DC1033585)
U.S. Attorney's Office
(313) 226-0248
Dated: March 27, 2023

/s/ Beth M. Rivers
Michael L. Pitt P24429
Beth M. Rivers P33614
Megan A. Bonanni P52079
Attorney for Claimant Pitt
McGehee Palmer Bonanni &
Rivers, PC
248-398-9800
248-268-7996

Dated: March 27, 2024

**IT IS SO ORDERED:**

Dated: March 28, 2024

s/ Paul D. Borman
Paul D. Borman
United States District Judge

7